UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEPHEN H. GOLDMAN,

          Plaintiff,

-vs-                                          Case No. 6:04-cv-725-Orl-18JGG

BRACEWELL & PATTERSON, L.L.P.,
NANCY A. WODKA, JOHN R.
BRANTELY,

          Defendants.

_____

## ORDER

This cause came on for consideration after a hearing on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO STRIKE RICHARD M. LEISNER AS AN EXPERT WITNESS (Docket No. 74)** |
| **FILED:** | March 29, 2005 |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

I.   **Background**

In May, 2003, attorney Lawrence Phalin ("Phalin") contacted a potential expert witness, attorney Richard Leisner ("Leisner"), on behalf of Phalin's client, Stephen Goldman ("Goldman"). During their conversation, Phalin discussed Goldman's potential malpractice claims against the law firm that represented Goldman's company, Distributed Technology Processing Corp., during a recent merger. Leisner, a Tampa lawyer, had significant experience in mergers work and as an expert in legal malpractice cases. It is undisputed that Phalin did not retain Leisner.

On April 23, 2004, Goldman filed the instant suit against Bracewell & Patterson, LLP ("Bracewell & Patterson") and two individual attorneys with that firm, contending that they had committed malpractice, breached a fiduciary duty, and made negligent misrepresentations during the merger. Docket No. 1. Phalin did not file the suit and has not entered an appearance in this case. On March 23, 2005, Goldman received the Defendants' Rule 26(a)(2) disclosure, which listed Leisner as one of five potential expert witnesses. Docket 74, Exh. 1. This motion to disqualify Leisner soon followed.

## II.   The Law

To preserve the public confidence in the fairness and integrity of judicial proceedings, a court has the inherent authority to disqualify expert witnesses who have conflicts of interest. *Paul v. Rawlings Sporting Goods Co.*, 123 F.R.D. 271, 277 - 78 (S.D.Ohio 1988). In deciding whether to disqualify one party's expert in such a situation, a court should be guided by a number of factors, including whether the other party had a confidential relationship with the expert, whether it was objectively reasonably for the other party to believe such a relationship existed, and whether the other party disclosed confidential information to the expert. *Wyatt v. Hanan*, 871 F.Supp. 415, 419 (M.D. Ala. 1994). A confidential relationship may exist even in the absence of a formal contractual relationship. *Rawlings Sporting Goods Co.*, 123 F.R.D. at 278. The party seeking disqualification of an expert bears the burden of proof on confidentiality. *English Feedlot, Inc. V. Norden Laboratories, Inc.*, 833 F.Supp. 1498, 1501 (D.Colo. 1993)

### III. Application

In an affidavit, Phalin asserts that he believed that he formed a confidential relationship with Leisner during their conversation and that he revealed confidential information to him. Docket No. 74, Exhibit 4. In his own affidavit, Leisner responds that he had no memory of the conversation with Phalin until Goldman challenged his ability to serve as an expert for the Defendants.[1] Docket No. 75, Exh. 1 at 3. He then checked his files and found seven pages of handwritten notes he took during the conversation and an e-mail he sent shortly thereafter. Docket No. 75, Exh. 1 at 3. After reviewing the notes and the e-mail, he argues that the pair did not enter into a confidential relationship and that Phalin did not reveal any confidential information. Leisner says it is his "unvarying practice" during preliminary telephone consultations to tell the caller not to disclose any confidential information until he can run the parties' names through his firm's conflict-checking system.

After reviewing the affidavits and other evidence in this case — including Phalin's notes — the Court finds that Goldman has not met his burden as to any of the three factors described in the *Wayne* case. From this record, it does not appear that Phalin and Leisner entered into a confidential relationship or that Phalin could have reasonably concluded that they did. More than the members of any other profession, attorneys are aware of the need to avoid blurting out confidential information to an individual who may already work for the other party in the law suit — or, more likely, whose law firm may already do so. It is extremely unlikely that two highly experienced attorneys simultaneously forgot this principle. Phalin's contention that he *had* to disclose confidential

---

[1] The Defendants, without reviewing the notes, filed them under seal with this Court. Docket No. 81.

information to Leisner during their first conversation in order to evaluate him as a potential expert witness is not persuasive.

Goldman contends that the follow-up e-mail Leisner sent to Phalin — in which Leisner offers to serve as an expert witness [Docket No. 75, Exh. 5 at 1] — indicates that information was provided to Leisner with an expectation of confidentiality, and that it was objectively reasonable for Phalin to believe that a confidential relationship existed. The Court finds it indicates just the opposite. The two-paragraph e-mail, titled "Possible Service as Expert Witness," contains hourly rate and retainer information, and includes a reminder that "any engagement would be documented with a formal engagement letter." Docket No. 75, Exh. 5 at 1. It is clearly a prelude to entering into a confidential relationship, not evidence that one already existed.

Phalin has also failed to show that he revealed any confidential information to Leisner. Without offering any specifics, Phalin contends he revealed two types of such information: his mental impressions of Goldman's case and information he had garnered during privileged conversations with Goldman. Docket No. 74, Exh. 4 at 3. However, it is not clear that Phalin's mental impressions of Goldman's case are entitled to any particular protection, as he is not representing Goldman in this case. Even if they are, the legal theories advanced in the complaint mirror the theories described in Leisner's notes. A review of those same notes also fails to reveal any factual information not readily available to the Defendants, either from the public record or from their representation of Goldman's company during the merger.

Although the Court finds no basis for disqualifying Leisner, his earlier contact with Goldman's attorney should not benefit Leisner's current client. The Court will therefore retain his notes under seal and direct him not to reveal the contents of his conversation with Phalin. It is therefore

**ORDERED** that the Motion to Strike Richard M. Leisner as an Expert Witness is **DENIED.** And it is further

**ORDERED** that Leisner's notes of his conversation with Phalin [Docket No. 81] shall remain under seal and Leisner shall not reveal the contents of that conversation to the Defendants, their attorneys, or their agents, until the conclusion of this case.

**DONE** and **ORDERED** in Orlando, Florida on May 9, 2005.

_____
James G. Glazebrook
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties