**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STEPHEN H. GOLDMAN,**

        **Plaintiff,**

-vs-                                                Case No.  6:04-cv-725-Orl-28JGG

**BRACEWELL & GIULIANI, L.L.P.,**
**NANCY A. WODKA, JOHN R.**
**BRANTLEY,**

        **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**    **PLAINTIFF'S MOTION CONTESTING DEFENDANTS' BILL OF COSTS AND THE COST JUDGMENT (Doc. No. 268)**
>
> **FILED:**    November 10, 2005
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

## I.    PROCEDURAL HISTORY

The Defendants in this case — the law firm of Bracewell & Giuliani, L.L.P, attorney Nancy A. Wodka, and attorney John R. Brantley — represented Plaintiff Stephen Goldman's ("Goldman") company during a merger with another company, Adaptec, Inc. ("Adaptec").  After the merger, Adaptec brought suit against Goldman for failing to disclose damaging sales information.  An

arbitrator sided with Adaptec, which led Goldman to settle the Adaptec claims for $51 million. Docket No. 214 at 7. On April 23, 2004, Goldman filed this action seeking to hold Defendants liable for malpractice, breach of fiduciary duty, and negligent misrepresentations made during the merger, and to recover as damages an amount equal to the $51 million he paid Adaptec plus attorney's fees and costs incurred during the prior arbitration proceeding. Docket Nos. 1 and 214 at 7.

On October 13, 2005, the Honorable John Antoon II granted Defendants' motion for summary judgment. Docket No. 256. Thereafter, the Clerk entered judgment in favor of Defendants and closed the case. Docket No. 257. On October 28, 2005, Defendants filed a bill of costs requesting $55,119.09 for fees of the clerk, fees related to service of summons and subpoena, court reporter fees for transcriptions of hearings and deposition transcripts, and fees related to retrieving and printing electronically-filed papers. Docket No. 261, Ex. B at 2. On October 31, 2005, the Clerk taxed costs against Goldman as requested. Docket No. 264.

On November 7, 2005, Goldman moved reduce the costs judgment against him from $55,119.09 to $22,422.98. Docket No. 266. The Court denied the motion without prejudice for failure to comply with Local Rule 3.01(g). Docket No. 267. On November 10, 2005, Goldman filed another motion contesting Defendants' bill of costs and the cost judgment taxed against him, again, asking that the Court reduce the cost judgment against him from $55,119.09 to $22,422.98. Docket No. 268. Judge Antoon referred the motion to the undersigned for report and recommendation on December 9, 2005. Docket No. 280. Defendants filed a memorandum opposing most of Goldman's requests. Docket No. 269. After receiving leave of the Court, Goldman filed a reply brief on December 20, 2005. Docket No. 275.

Goldman asks this Court to strike a number of costs taxed against him, including costs for "rush fees" for service of summons and subpoenas, costs for videotaped depositions, costs for duplications of deposition transcripts, fees for transcriptions of hearings, and costs for copies of various documents that Goldman claims are not taxable or were not necessarily obtained for use in the case. Goldman's motion contesting the cost judgment should be granted in part and denied in part.

## II.   THE LAW

### A.   Taxation of Costs

A prevailing party may recover costs *as a matter of course* unless otherwise directed by the Court or applicable statute. *See* Fed. R. Civ. P. 54 (d)(1).[1] Congress has delineated which costs are recoverable under Rule 54 (d), Fed. R. Civ. P. *See* 28 U.S.C. § 1920;[2] *see also Crawford Fitting Co.*

---

[1] Fed.R.Civ.P. 54 (d)(1) provides:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

[2] Title 28 U.S.C. § 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

In response to Fed.R.Civ.P. 54 (d), Congress amended § 1920 to substitute "may" for "shall."

*v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 - 42 (1987). The Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920. *See Crawford Fitting Co.*, 482 U.S. at 440-44. The Court may not tax as costs any items not included in 28 U.S.C. § 1920. 482 U.S. at 440-44; *see also Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460 (11th Cir.1996); *Desisto Coll., Inc.*, 718 F.Supp. at 911.

To rebut the presumption that the prevailing party receives costs, the losing party "must demonstrate that there is some fault, misconduct, default or action worthy of penalty on the part of the prevailing side." *Desisto Coll., Inc. v. Howey-in-the-Hills*, 718 F. Supp. 906, 910 (M.D. Fla. 1989)(quotations omitted), *declined to follow on other grounds by EEOC v. W&O, Inc.*, 213 F.3d 600 (11th Cir. 2000). Thus, when challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed cost is a matter "within the exclusive knowledge of the prevailing party." *See Desisto Coll., Inc.*, 718 F. Supp.at 910 n.1.

*1. Service of Process Costs*

Pursuant to section 1920(1), "[f]ees of the clerk and marshal" may be taxed as costs. 28 U.S.C. §1920(1). The Court may tax as costs fees of the United States Marshals as listed in 28 U.S.C. §1921(a), including fees for service of process (28 U.S.C. §1921(a)(1)(A)), fees for serving a subpoena or summons for a witness (28 U.S.C. 1921(a)(1)(B)), fees for "necessary travel" for service of process (28 U.S.C. 1921(a)(1)(G)), and fees for overtime expenses incurred while serving process (28 U.S.C. 1921(a)(1)(H)).[3] Section 1921 states that the "Attorney General shall from time to time

---

[3]Title 28 U.S.C. § 1921(a)(1) provides:

The United States marshals or deputy marshals shall routinely collect, and a court may tax as costs, fees for the following:

-4-

prescribe by regulation the fees to be taxed and collected under [section 1921(a)]." 28 U.S.C. §1921(b). The Attorney General prescribes a *minimum* fee of $45.00 per hour for "process served or executed personally . . . plus travel costs and any other out of pocket expenses." 28 C.F.R. §0.114(a)(3)(emphasis added).

While section 1920(1) only mentions United States Marshal fees, private process server fees may be taxed, so long as they do not exceed the statutory fees authorized in section 1921. *EEOC*, 213 F.3d at 624. Thus, expenses related to service of process by a private process server, including "rush fees" can be taxed as costs for service of process. *See George v. GTE Directories Corp.*, 115 F.Supp.2d 1281, 1299 (M.D.Fla. 2000).

   *2. Costs for Transcripts*

Section 1920(2) authorizes the taxation of costs for the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. §1920(2); *EEOC*, 213 F.3d at 620; *see Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002). Even though §1920(2) does not specifically use the word "deposition," deposition transcript costs (like costs for other transcripts) are taxable only if the deposition was

---

(A) Serving a writ of possession, partition, execution, attachment in rem, or libel in admiralty, warrant, attachment, summons, complaints, or any other writ, order or process in any case or proceeding.
(B) Serving a subpoena or summons for a witness or appraiser.
(C) Forwarding any writ, order, or process to another judicial district for service.
(D) The preparation of any notice of sale, proclamation in admiralty, or other public notice or bill of sale.
(E) The keeping of attached property . . . .
(F) Copies of writs or other papers furnished at the request of any party.
(G) Necessary travel in serving or endeavoring to serve any process, writ, or order, except in the District of Columbia, with mileage to be computed from the place where service is returnable to the place of service or endeavor.
(H) Overtime expenses incurred by deputy marshals in the course of serving or executing civil process.

"necessarily obtained" for use in the case. *EEOC*, 213 F.3d at 621. District courts have great latitude in determining whether a deposition was "necessarily obtained" for use in the case. *Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. Unit B June 1981).

Deposition costs of witnesses on a losing party's witness list are generally considered taxable. *Maris Distrib. Co.*, 302 F.3d at 1225. In addition, deposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success, unless the losing party demonstrates that the deposition was not related to an issue present in the case at the time of the deposition. *EEOC*, 213 F.3d at 621. The parties need not have used the deposition at trial. *Id*. Depositions costs of witnesses are thus taxable even if the prevailing party successfully moved to exclude from trial the testimony of those witnesses. *Id*. at 622.

Videotaped depositions are taxable as any other deposition cost pursuant to section 1920(1). When a party notices a deposition to be recorded by non-stenographic means, and the other party does not raise an objection at time as to the method of recording the deposition, the cost of the deposition should be awarded as a deposition cost. *Morrison*, 97 F.3d at 464-65.

### 3. Copy Costs

Section 1920(4) authorizes the taxation of costs for "copies of papers necessarily obtained for use in the case." 28 U.S.C. §1920(2); *EEOC*, 213 F.3d at 623. In evaluating copying costs, the Court should consider "whether the prevailing party could have reasonably believed that it was necessary" to copy the papers. *EEOC*, 213 F.3d at 623. While the burden generally lies with the losing party to demonstrate that costs should not be taxed, with copying costs, the prevailing party bears the burden of proving that the copies were necessary because they are generally costs "within the exclusive knowledge" of the prevailing party. *Desisto Coll., Inc.* 718 F.Supp. at 910 n.1.

Copying costs, like deposition costs, are recoverable even if the papers at issue were not used at trial, or even if the papers were never submitted to the Court or opposing counsel. *EEOC*, 213 F.3d at 623. In general, copies "attributable to discovery" are recoverable under section 1920(4). *Id*., quoting *Desisto Coll., Inc.* 718 F.Supp. at 913.

### III.   APPLICATION

Goldman moves to reduce the cost judgment against him because he claims, in large part, that certain items are either not taxable as costs or were not necessarily obtained for use in the case. Goldman objects to costs related to service of process, videotaped depositions, duplications of deposition transcripts, transcriptions of hearings, and photocopies of various documents. The Court addresses each of Goldman's specific objections.

#### A. Fees for Service of Process

Goldman objects to fees for "rush" service of process and for fees for service on one witness at more than one address. Docket No. 268 at 3-5. He seeks a total reduction of $290.00 for costs related to service of process. *Id.*, Ex. 3 at 6.

*1. "Rush" Service of Process on Alfred Pfeiffer, Jr.*

Goldman objects to $100 taxed against him for "rush" service of process on Alfred Pfeiffer, Jr., an attorney who represented Adaptec in the prior arbitration proceeding. *Id*. at 3. Goldman argues that Pfeiffer was not deposed in the case, that Defendants did not explain why rush service was necessary, and that, because the invoice for service on Pfeiffer did not separate out the "rush" fee from the underlying cost of service, the entire $100 fee should be eliminated from the cost judgment. *Id.* Defendants respond that they served Pfeiffer with a subpoena to produce exhibits from the prior arbitration proceeding – exhibits that Goldman had not produced

as discovery in this action. Docket No. 269 at 3-4, ¶ II(B)(1). The Court agrees with Defendants that exhibits from the prior proceeding were "critical components of this lawsuit, which arose out of and was based on the arbitration," and that rush service was reasonably necessary because of upcoming depositions of former Adaptec officers. *See id*. Goldman has not demonstrated that the rush fee for service on Pfeiffer is unreasonable or exceeds the statutory limits of 28 U.S.C. §1921, and Defendants' explanation shows that the rush fee was reasonably incurred. Goldman's request to reduce the cost judgment by $100 for rush service on this witness should be denied.

*2. "Rush" Service of Process on Larry Phalin, the Law Firm of Mateer Harbert, Elwood Whitchurch, Herman Eichner, and James Habuda*

Goldman also objects to the fee for rush service of process on Larry Phalin, the law firm of Mateer Harbert, Elwood Whitchurch, Herman Eichner, and James Habuda. Docket No. 268 at 4, ¶ 7. The rush fee for each witness was $20, with a total cost of $100. In support of his objections, Goldman states that Defendants did not explain why rush service was necessary and that Goldman should not have to bear the burden of Defendants' delay in coordinating service. *Id*. Goldman further objects to being taxed the $20 cost for serving James Habuda at additional addresses, claiming that Defendants' "inability to locate Mr. Habuda to get him served should not be a cost imposed on [Goldman]." *Id*. at 4, ¶ 8.

Defendants counter that rush service was "reasonably necessary" as to Elwood Whitchurch, Herman Eichner, and James Habuda. Defendants explain that on December 10, 2005, Plaintiff's counsel and Defendants' counsel agreed to schedule the three depositions in early January. Docket No. 269 at 5, ¶ II(A)(2). Defendants' counsel decided rush service for these witnesses and service on additional addresses for James Habuda were necessary because "the holidays were likely to

-8-

make it more difficult to achieve timely service." *Id*.  Defendants also note that the total cost of service on these individuals, including the rush fee and fee for additional addresses, was $45 for each witness, which is the minimum fee per hour for service executed personally by the U.S. Marshal prescribed by the Attorney General.  *Id*. at 4, ¶ II(A)(2); *see also* 28 C.F.R.§0.114(a)(3).

After reviewing Defendants' arguments and explanations, the Court finds that the service fees for Elwood Whitchurch, Herman Eichner, and James Habuda, including the rush service fees and the fees for service on additional addresses, were reasonably incurred, and should be allowed.  Defendants, however, do not offer any defense for the necessity of rush fees for Larry Phalin and the law firm of Mateer Harbert.  *See* Docket Nos. 269 and 271.  Accordingly, Goldman prevails on this point.  The Court should grant Goldman's request to reduce the cost judgment by a total $40 for rush service on those two witnesses.  Defendants have withdrawn their request for $70 for the cost of serving Herman Eichner twice.  Docket No. 269 at 5, ¶ II(A)(3).  For fees related to service of process, a total of $110 should be deducted from the amount of the cost judgment.

### B. Deposition Costs

#### *1. Videotaped Depositions*

Goldman contends that Defendants improperly sought $11,514.30 for the cost associated with the videotaped depositions of nineteen witnesses.  Docket No. 268 at 5-6, ¶ 11.  Goldman argues that Defendants offer no reasonable explanation for why the depositions were videotaped, and for why Defendants needed video copies of the depositions.  *Id.* at 6-7, ¶ 12.

All twenty-seven of the depositions taken in this case were videotaped depositions.  Docket No. 269 at 6, ¶ II(C).  All of the notices for the videotaped depositions at issue specified that the depositions would be recorded both by video and by stenographic means.  *Id*.  Goldman never

-9-

objected to the method of taking the depositions, and in fact, videotaped all of fifteen of his depositions. *Id*. The Court finds it inconsistent for Goldman to claim that videotaping the depositions and obtaining copies of those videotapes were not reasonably necessary when Goldman himself did the same for all of his depositions. Defendants adequately explain, in their memorandum and an affidavit, that they needed these depositions to prepare for trial, and that they planned to present portions of the videotaped depositions at trial. *Id.* at 7-8. The Court finds that Defendants' have been awarded costs for videotaped depositions that were necessarily obtained for use in the case.

### 2. *Deposition Transcripts*

Goldman raises three objections related to Defendants' deposition transcript costs. He complains that Defendants sought costs for "duplicate copies" of deposition transcripts, meaning extra copies that should not be included as taxable costs. More specifically, Goldman objects to the $236.61 cost for duplicate copies of the deposition transcripts of Gail Sargent, Bruce Jocz, and Robert Curfiss, and Paul Regan. Goldman states no basis for his objection. Docket No. 268 at 9, ¶16. In fact, Defendants did not charge Goldman for extra copies because what Goldman dubs "duplicate copies" were all separate and distinct transcripts. Docket No. 269 at 9, ¶II(C)(2)(a). Goldman's request to reduce the cost judgment by $236.61 should be denied.

Goldman also complains that Defendants taxed $8,676.10 in costs for both one original and one certified copy of each of the deposition transcripts for Dana Miles, Andrew Brown, Joshua Rafner, Paul Regan, and Robert Schultz. Docket No. 268 at 9, ¶ 17. Defendants explain that, when a party requests a transcription, court reporters automatically generate an original transcript plus

one certified copy. Docket No. 269 at 10. Defendants also correctly note that the Federal Rules of Civil Procedure require that the party who noticed the deposition preserve the original transcript in a sealed envelope unless otherwise ordered by the Court. *Id*; *see also,* Fed. R. Civ. P. 30(f)(1). The Court finds that Goldman does not demonstrate in any way that these depositions transcripts, including the original and the certified copy, were not necessarily obtained for use in the case.

Goldman objects to the $4,353.40 costs for deposition Transcripts of John Brantley, Nancy Wodka, Althia Theisen, and David Parr. The sole basis for his objection is that Defendants objected to the use of these depositions at trial. Docket No. 268 at 10, ¶ 18. Goldman's argument is clearly contradicted by the law. As stated earlier, deposition costs are taxable even if the prevailing party successfully moved to exclude from trial the testimony of those witnesses. *EEOC*, 213 F.3d at 622. Goldman's request to reduce these costs should be denied.

### D. Postage Costs

Defendants have withdrawn their request for $242.85 for postage and handling fees related to a number of depositions. This amount should not be charged to Goldman.

### E. Transcripts of Hearings

Goldman also contests the $1,040.77 in costs for court reporter transcripts of pretrial hearings, specifically, the June 28, 2005 hearing on the motion to strike Joshua Rafner and the August 2, 2005 hearing on the parties' motions for summary judgment. Docket No. 268 at 12, ¶ 21. Goldman's main argument is that neither transcript was "utilized in a manner to determine the outcome of the case," a contention that does not state the correct standard and is not supported by any relevant legal authority. *See id*. Goldman makes no showing that the transcripts were not necessarily obtained for use in the case. After reviewing Defendants explanation, both in their

memorandum and in an affidavit, for why the transcripts were necessary (s*ee* Docket No. 269 at 12-13, ¶II(D)), the Court again finds that Defendants have been awarded costs for transcriptions necessarily obtained for use in the case.  Goldman's request to strike the costs of hearing transcripts should be denied.

### F. Copy Charges

Goldman objects to $1,034.07 in photocopy costs for documents procured from Sheppard-Mullins and Dobrowski, LLP, two law firms who represented Goldman in the prior arbitration proceeding.  Docket No. 268 at 15,  ¶ 27.  Goldman, again, misstates the standard for evaluating costs, claiming that Defendants bear the burden of showing that the photocopies were for documents "actually prepared for use in presenting evidence to the court."  *Id*. at 15-16, ¶ 28.  As stated earlier, the Court should consider "whether the prevailing party could have reasonably believed that it was necessary" to copy the papers.  *EEOC*, 213 F.3d at 623.  Defendants explain that the documents at issue were exhibits from the prior arbitration proceeding, and that as Goldman failed to produce these documents in discovery, Defendants found it necessary to procure copies from the two law firms.  Docket No. 269 at 16, ¶ II(E)(3). The Court finds that Defendants have adequately shown that they reasonably believed it was necessary to copy these exhibits.

Goldman further objects to the $4,452.95 cost for photocopies of documents produced by Defendants' lead counsel in Texas for Defendants' local counsel in Florida.  Although unclear, Goldman's argument seems to be that Defendants' hiring of out-of-state lead counsel and local counsel was "a convenience, not a necessity," and therefore, the related copying charges were not necessarily obtained. *See* Docket No. 275 at 6.  This argument is without merit.  The Court agrees

with Defendants that these copies (which were copies of pleadings and related documents) produced for Defendants' local counsel in Florida were necessarily obtained for use in the case.

Finally, Goldman challenges the cost of hiring a person to photocopy documents filed in the Superior Court of California, as well as the cost of the photocopies themselves. Docket No. 268 at 16, ¶ 29. Defendants photocopied pleadings filed in the prior dispute between Goldman and Adaptec, the settlement of which resulted in the filing of this action. Docket No. 271 at 4, ¶ 14. Defendants have clearly met their burden of showing that they reasonably believed it was necessary to copy these documents. Defendants do not oppose Goldman's motion with respect to the costs of hiring the person to retrieve the copies. Docket No. 269 at 16, ¶ II(E)(3). Accordingly, the cost judgment for costs associated with the California photocopies should be reduced from $855 to $170.20, for a total reduction of $648.80.[4]

## IV.  CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Renewed Motion and Memorandum of Law in Opposition to Defendants' Bill of Costs [Docket No. 277] be **GRANTED** in part and **DENIED** in part.

The cost judgment (Docket No. 264) should be reduced by the amount of $1001.65, as follows: 1.) a $110 reduction in fees for service of summons and subpoenas; 2.) a $242.85 reduction in fees of the court reporter for transcriptions of depositions (postage and handling fees);

---

[4]Goldman claims that the total cost awarded for the expenses related to the California photocopies was $855.06 (Docket No. 268 at 16, ¶29) or $856.06 (*id*., Ex. 3 at 11). Defendants, in their memorandum, claim that the total charge was actually $606.00. Docket No. 269 at 16, ¶II(E)(3), n.9. The invoices filed by Defendants "for fees to obtain certified copies of documents from the California court," however, total $855. *See* Docket Nos. 263 at 2, ¶7 and 263, Ex. D-3 at 2-8. In their memorandum, Defendants also state that photocopy costs alone (minus the cost of hiring a person to obtain those photocopies) were $170.20. Docket No. 269 at 16, ¶II(E)(3), n.9. Goldman does not dispute any of these amounts in his reply. *See* Docket No. 275.

and 3.) a $648.80 reduction in fees for exemplification and copies.[5] The Court recommends that Defendants recover costs in the amount of $54,117.44.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando this 23rd day of January, 2006

> JAMES G. GLAZEBROOK
> UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable John Antoon II
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[5] To date, this Court has expended some 35 hours resolving what amounts to a contest over $1,001.65 because the parties were unable to resolve cost issues by agreement.